GEORGE KRAFT v. BERTHA KRAFT.[1]

November 15, 1897.

Nos. 10,891—(117).

Husband and Wife—Sale—Evidence—Support of Children.
   Evidence considered, and *held* sufficient to justify the finding of the trial court.

Appeal by plaintiff from an order of the municipal court of St. Paul, Twohy, J., denying a motion for a new trial. Affirmed.

*R. A. Walsh,* for appellant.

*Henry B. Farwell,* for respondent.

BUCK, J.

The parties to this action were husband and wife, and so remained until a divorce was granted to the husband in 1896. They were married in 1886, and lived together until about the month of October, 1892. During the time they lived together two children were born to them, and the plaintiff accumulated the property described in the complaint during such time. The home of the parties was in St. Paul, and, domestic trouble having arisen between them, the plaintiff in 1892 went to South Dakota,

[1] Reported in 72 N. W. 804.

and brought an action for divorce, which was successfully defended by the defendant. Shortly after plaintiff left his home, the defendant took possession of the property in question, and cared for and used it until after the termination of the divorce suit, when the plaintiff returned to his home in August or September, 1893; but the parties did not live together as husband and wife, and in 1896 the plaintiff brought another divorce suit in Ramsey county, in this state, and succeeded in obtaining a divorce from the defendant, but the custody of the two children was awarded to her, he not having in any manner contributed to the care, support or education of said children since 1892, said children having been supported and educated during all such time and up to the trial of this case by the defendant, the value thereof amounting to six dollars per week. The personal property in question is of the value of $300, and defendant has had possession thereof, claimed title thereto and asserted ownership over the same since August or September, 1893, and no claim to such possession, title or ownership of said property has been made by the plaintiff since said months up to the time of the commencement of this action.

After the divorce was granted, the plaintiff brought this action in replevin to recover the property in question. The case was tried by the court without a jury, and the finding was in favor of the defendant. The only question which we deem necessary to consider is whether the evidence justified the finding of the trial court.

There was a sharp conflict in the testimony given by the respective parties. The defendant testified positively that after the plaintiff had been defeated in his Dakota divorce proceedings, and settled with her in regard to the ownership and control of the property in question, he then agreed with her that she should have all of this property in consideration that she had for the eleven months then past furnished the necessaries for the family, and would continue to do so, and that he then stated that he would not come back and live with his family. She performed her part of the agreement, kept the property, and, when worn out or broken, replaced it with other property purchased by herself. He did nothing to support or educate his children, but remained away from home, and made no claim to the property.

70 M.—10

The agreement was not one contrary to public policy. It was not even an agreement to separate and live apart, although they did so. It was his duty to support his family, to care for and educate his children; and, if he would not, then he might legally agree that his wife should do so; and, notwithstanding his denial of the agreement, the court found that he sold his property to his wife for a valid consideration, and that she was the owner and entitled to the possession thereof. The evidence justified this finding, and the law upholds it.

Order affirmed.